JOSEPH F. FARRINGTON, appellant,

*v.*

IRA M. HARRISON, administrator &c., respondent.

A bill alleged that the defendant had, as the survivor of a firm composed of himself and complainant's intestate, rendered to him a statement of the firm's financial condition, and that thereupon complainant had settled the affairs of the partnership with him and sold him intestate's share of the assets; that that statement was false and fraudulent, and had deceived and injured complainant, and then prayed that, notwithstanding such statement and sale, defendant should be required to account. The defendant filed an answer and also a plea, wherein he set up the settlement and sale, and denied the fraud alleged in the bill. At the hearing the defendant, to support his plea, testified to the negotiations between himself and complainant resulting in his purchase of his deceased partner's interest, and, further, that complainant had been paid therefor, which was corroborated by producing complainant's receipt. Nothing impugning defendant's good faith in the transaction was elicited from him. Defendant offered no other evidence, and complainant offered none at

all.—*Held*, that the form of the pleadings did not shift the burden of proof, and that, consequently, complainant must establish the fraud which he alleged in his bill, including a transaction described in general terms in the bill, but set out in detail in the answer and plea.

On appeal from a decree advised by Vice-Chancellor Bird, who filed the following conclusions:

The *status* of this case will be seen fully by a reference to it as presented to Chancellor Runyon, *Harrison* v. *Farrington, 13 Stew. Eq. 353*. Under the plea there held to be sufficient, the cause has been heard by me. Has the plea been sustained? The plea sets up an accounting and a settlement; are these allegations true?

The defendant says he had taken an account of stock and shown the result to Harrison. He also says that he had a settlement of the interest of the deceased co-partner with Harrison, the administrator, in August, 1876. He says he made two settlements, the latter one in December, 1878. But there was nothing done except ascertaining the amount. I cannot discover that there was any fair and just statement of account; any such statement by the surviving partner, a trustee for the estate, or representative of his deceased co-partner, as would enable the latter to understand his rights at all.

I am not sure what this witness (the defendant) means when he is speaking of a settlement, and of an account, and of arriving at a result; whether he refers to an agreement of sale and purchase, or to the sum total of a general statement of accounts, or to a careful, specific and detailed statement of the accounts between himself and his deceased co-partner. Whether it was from ignorance or not, I am not to decide; but if he does not know enough about the business to sustain his plea, the court cannot be expected to declare that his plea should prevail.

It is a fact that this defendant knows so little about this partnership business since the death of his co-partner that he cannot tell with certainty why the inventory of merchandise &c. increased over $4,000 between November, 1875, and May 1, 1876. He could not tell whether it was because there had been

an increase of stock or an increase of values. And with this fact comes also the other quite important one that he told the administrator that the stock had largely depreciated, which quite apparent contradiction remains entirely unexplained.

With inventories thus made, and with accounts it may be, from all appearances, as loosely stated in lumps or bulks, the alleged statement was made, and a purchase effected of all the interest of the estate of the decedent in the stock. It is that purchase and that accounting which the bill asks relief against, and which the plea sets up as good. I am constrained to say that, in my judgment, no court can safely countenance either.

The defendant has failed in his effort to sustain his plea. I shall so advise, with costs.

*Mr. Samuel C. Mount,* for appellant.

*Mr. John W. Taylor,* for respondent.

The opinion of the court was delivered by

KNAPP, J.

The complainant below, and respondent here, is administrator of John C. Johnson, deceased, who, in his lifetime, was a partner in business with the defendant. The complainant, as such administrator, filed his bill against the defendant as surviving partner, and prayed a decree that the defendant account to him of the affairs of the partnership. The bill so filed set up the fact that the defendant had made a statement of the accounts exhibiting the affairs of the partnership, and showing a balance due to the decedent; and that complainant afterwards, relying upon that as a true statement of the partnership concerns, had sold and conveyed to the defendant, for a price then agreed upon between them, the entire interest of the decedent in the partnership property and effects.

The bill set up further that the statement was deceptive and untrue, and that, through the fraud and misrepresentation of the defendant, he was deceived and misled into making this

settlement and sale to the defendant; and prayed that, notwithstanding the transaction of sale, because of such fraud a new accounting should be had.

The defendant pleaded the sale and purchase by him from the administrator in bar of the relief sought, and in his plea, as well as in an answer filed in support of the plea, denied the fraud alleged in the bill.

The cause came to a hearing before Vice-Chancellor Bird.

The defendant, to support his plea, made proof, by his own oath, of negotiations between the complainant and himself for the purchase of the partnership interest of his deceased partner, resulting in an agreement for its sale and purchase at a price agreed upon between them. A statement of this agreement was shown to have been reduced to writing, but not signed by the parties. By its terms, promissory notes were to be given by the purchaser for the payment of the amount, and while these were never given, still it was testified to that the agreed price had been paid to or for the complainant; and the receipt of the complainant, acknowledging the payment, was also produced in evidence. Nothing was elicited from the defendant in his examination in anywise to impugn or throw doubt upon the good faith of this transaction of sale, or of any of the steps which led up to it. On this testimony the defendant's counsel rested his case. The complainant offered no testimony, and upon consideration, the Vice-Chancellor advised a decree that the defendant should account, ruling that the plea had not been sustained.

The plea in this case is not that known in equity pleading as a pure plea. It seeks to bar the relief sought by the complainant by setting up an arrangement or completed bargain, which the complainant, in his bill, in anticipation of its use as a defence, had set forth and sought to impeach on the ground of fraud. Such a plea, pleaded under these circumstances, must, according to settled rules, deny the grounds upon which the complainant, in his bill, seeks to overturn that which the defendant raises as a bar, so that the complainant may have an issue which will let in his proof of fraud or other ground of relief.

In this case, the complainant admits the sale, but avers that it was obtained by fraud practiced upon him by the defendant. The defendant sets up the sale as a completed transaction in bar of the relief sought, and denies the fraud.

Now, the contention is, and must be, to support this decree, that, under the issue formed on such a plea, the defendant must, in support of it, not only prove the contract which he pleads in bar, but he must assume also, in the first instance, the negative of showing that it was not in bad faith or in fraud that it arose. I do not think that any authority is to be found for this position.

Complainant, by setting out the contract of sale in order to attack it for alleged fraud, did not deprive the defendant of the right of pleading such sale in bar. But the defendant could not so plead it as to preclude the complainant from introducing proof of the fraud charged in the bill. · The burden of proof was not shifted by this mode of pleading. When the defendant proved a completed sale, the law implied, in the absence of further proof, good faith and honesty in the contract.

In every transaction, lawful in itself, the law supports a presumption of honesty and good faith. He who asserts the existence of fraud or bad faith asserts the existence of that which is out of the common course of things, and the *onus* is cast upon him to make proof of his averments, and, as I understand it, the burthen of proof on such an issue never changes.

Under the issue made by these pleadings the complainant, doubtless, might have to attack and defeat this plea by proving the fraud which he averred, and which the defendant, by his denial, which he was obliged to make, had put in issue. But when the defendant made proof of the contract substantially as pleaded by him, and rested his case, under this issue his plea was supported in the absence of evidence showing fraud.

It seems to me that the condition in which the court below found the proof in this case called for a decree in favor of the defendant, and not one requiring him to account.

But it is said the defendant should be held to a failure in proof of his plea in giving no evidence of the truth of his averments respecting the Wilson note which he had charged against

Farrington v. Harrison.

the interest of the deceased partner. The plea stated, in substance, that the note was given by Wilson as an accommodation to the decedent, who, as payee, endorsed it to the firm and then, under the firm's endorsement, had the note discounted for himself, leaving the firm to pay it at maturity.

These facts, it is said, he should have been required to prove. It is to be remembered, however, that this averment in the plea was only a circumstantial denial of a charge of fraud made against the defendant in the bill in claiming credit for the firm in the account rendered to the administrator of the firm's affairs. This is one of the items of the account alleged by the complainant to be fraudulent, and he, to support his bill, must have proved it. The plea, in effect, denies the fraud by averring facts which show that the charge was just and fair. The burthen of proving fraud in this note transaction, if it existed, was not shifted from the complainant to the defendant by anything in his plea. Indeed, it is doubtful whether the complainant shows any wrong done to him in respect to this note.

The ground of complaint is not that the decedent did not have the money on the note for his own use, but that the surviving partner did not, instead of charging the note up to decedent, proceed to collect the same of the maker.

But the decedent was liable to the firm as first endorser of the note, and on the firm's paying it, it could justly claim it of him. If he paid it, he, or his representative, had legal recourse to the maker as the one primarily liable by the terms of the contract.

I think the decree of the court below, ordering an accounting, was wrong and should be reversed, and the bill dismissed with costs.

For affirmance—JUSTICE MAGIE, COLE—2.

For reversal—THE CHIEF-JUSTICE, JUSTICES DEPUE, DIXON, GARRISON, KNAPP, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, MCGREGOR, PATERSON—12.